BOGARDUS v. CARAGHER.

*(Superior Court of New York City, General Term.   June 27, 1890.)*

VENDOR AND VENDEE—DEFECTIVE TITLE.

 Covenants in a deed by which the grantee, for himself, his representatives, and assigns, agrees to erect and maintain certain streets and wharves along and opposite the granted premises, and extending into a river in front thereof, and by which the grantor reserves the right to open one or more other streets through the premises, form no cloud or incumbrance on the title of a subsequent grantee, where the original grantor has made a second conveyance of land in the river to the original grantee, who fills it in and erects and maintains thereon the streets and wharves covenanted for in the first deed, and the streets which the grantor reserved the right to open through the granted premises have been opened and maintained for many years.

Case submitted on agreed statement.

Action by Ruthelle Bogardus against Francis Caragher.   Following is the agreed statement:   The above-named parties hereby agree upon the following facts to be submitted to the court for the determination of their controversy thereon:   *First*.   That on the 5th day of January, 1889, the said plaintiff was the owner of the lot of land and the building thereon erected, situate on the northerly side of Broome street, in said city of New York, commencing at a point distant 25 feet westerly from the westerly line or side of Mangin street, known as "No. 20 Broome Street," 25 feet wide, front and rear, by 40 feet in depth.   *Second*.   That on said 5th day of January, 1889, the said plaintiff entered into a written contract with the said defendant in and by which she contracted to sell to him, the said defendant, the said house, lot, and premises

above mentioned and described, free and clear from all incumbrances, by usual full covenant and warranty deed, at and for the agreed price of $5,000, in manner in said contract mentioned and specified; the deed to be delivered on the 2d day of February, 1889, at 10 o'clock A. M., at the office of George W. McAdam, Esq., No. 51 Chambers street, in the city of New York. *Third.* That afterwards, and on the 9th day of March, 1889, plaintiff delivered to said defendant her certain deed of said premises, which contained the usual full covenants and warranty; the time of closing said contract having been from time to time extended by the parties to this action until said 9th day of March, 1889. *Fourth.* That, notwithstanding plaintiff so executed and delivered to defendant her full covenant and warranty deed to convey the said premises, as she had contracted to do, defendant refused to pay her the consideration money so agreed to be paid by him therefor, in the manner in said contract mentioned and specified, and only paid her the sum of $4,800, but retained the sum of $200, claiming the plaintiff's title was not in fact free and clear from incumbrances, but that the same was incumbered as herein stated. *Fifth.* That the premises herein mentioned and described formed a part of the premises which were conveyed to one Marinus Willett, by the mayor, aldermen, and commonalty of the city of New York, by a grant or lease dated the 1st day of May, 1787, which was duly recorded in the office of the register of the city of New York on the 25th day of June, 1825, in Liber 191 of Conveyances, at page 261, upon the consideration of 5s., and an agreement upon the part of said Willett that he, his legal representatives or assigns, should pay unto the said mayor, aldermen, and commonalty of the city of New York the rent of £22 10s. lawful money of the state of New York on the 1st day of May, 1829, and a like sum of £22 10s. on every 1st day of May thereafter; in full satisfaction of all rents, services, dues, duties, and demands whatsoever for said premises, without any deduction, defalcation, or abatement for or in respect to any manner of taxes, rents, charges, assessments, impositions, or duties whatsoever. The said grant covered premises extending in a southerly direction from the northerly line or side of Delancey street to the southerly line or side of Bullock (now Broome) street, and extended from what is now the westerly side of Goerck street, in an easterly direction, 200 feet into the East river; the westerly line or edge of the East river being at what is now Goerck street. That said grant contained this provision: "And whereas it is the intention of the said parties to these presents that there shall be and remain for the use of said party of the first part, [the mayor, aldermen, and commonalty, etc.,] their successors, etc., forever, a slip in front of the said street called 'Delancey Street,' and also one other slip in front of the said street called 'Bullock [now Broome] Street,' of the breadth of 100 feet, for the use and accommodation of merchant vessels, boats, and such craft as usually use, occupy, and resort to the public slips in the said city. * * * Said party of the second part covenants, grants, promises, and agrees with party of the first part, their successors, etc., that he, his heirs, executors, administrators, and assigns shall and will, whenever he or they, or any of them or either of them, shall be therewith required by party of the first part, their successors, etc., to build, erect, and make or cause to be built, erected, and made a good and sufficient street or wharf, of the breadth of 25 feet, along the side of the said slip in front or opposite to Delancey street, and also one other street or wharf similar to the said last-mentioned street or wharf, along the side of the new slip in front or opposite to Bullock [now Broome] street, the whole extent of the said 200 feet, into the said river, in such a manner as the said party of the first part, their successors, etc., shall instruct or direct." And also that said Willett, his legal representatives and assigns, should, at all times thereafter, maintain and keep in repair in good and sufficient manner the said streets or wharfs along and into the East river; that is to say, out into the East river, upon and in the premises which he, the said Willett, was to fill in

and make, between what was then Goerck street and the present Mangin street; and also a provision to the effect that the city reserved the right to open one or more streets from the southerly to the northerly boundary of the land so granted; that is, from Delancey to Bullock [now Broome] streets, without any obligation to make compensation for the land which should be taken for that purpose. *Sixth.* That subsequently thereto, and on the 3d day of August, 1844, the said mayor, aldermen, and commonalty released and discharged the said Marinus Willett, his legal representatives, etc., from the payment of said annual rent in said grant or lease reserved, £22 10s., in consideration of the payment by said Willett, at that time, of the gross sum of $927.50, which said sum was then and there paid by said Willett to the said mayor, aldermen, and commonalty in consideration of such release of said premises from the payment of said rent. And the said mayor, aldermen, and commonalty also subsequently exercised the right to open one or more streets from the southerly to the northerly boundary of the premises so granted; that is to say, Mangin and Goerck streets, which streets (Goerck and Mangin streets) were so opened and laid out on or about the 1st day of January, 1830, through the land first granted by said mayor, aldermen, and commonalty to said Willett, and both of them have been used and maintained as public streets ever since that time. It is only 200 feet from Mangin street on the east to Goerck street on the west, the block in which premises in question are located. That subsequently to said first-mentioned grant,—that is to say, on the 28th day of February, 1825,—the mayor, aldermen, and commonalty of the city of New York made another grant to said Marinus Willett, which was on the same day duly recorded in the office of the comptroller of the city of New York in Book G of Water Grants, at page 362, in and by which the said mayor, aldermen, and commonalty granted to said Willett the lands under and extending 600 feet further easterly into the East river, to the westerly line or side of what is now East street, on the westerly line or side of the East river. That said last-mentioned grant contained the same provision in relation to opening and maintaining piers, wharfs, and slips at the foot of Delancy and Bullock (now Broome) streets that was contained in the first grant hereinbefore mentioned and referred to. That subsequently thereto the said Willett did fill in and make the land or soil upon the said last-mentioned grant; that is to say, from Mangin street (which was so opened on the first grant) to the present westerly line of East street. Tompkins and East streets were afterwards laid out, opened, and constructed upon the land so made by said Willett upon and over the water grant last mentioned and referred to. *Seventh.* That Goerck, Mangin, Tompkins, and East streets were so opened, and docks and piers or slips were constructed by said Willett from and at the foot of Delancy street and Bullock (now Broome) street, and the said piers, slips, or wharfs along the westerly edge or side of the East river, at the end or foot of Delancy and Bullock (now Broome) streets, where they are now located and maintained; that is to say, at a distance of more than 600 feet easterly from said first-mentioned grant, covering the premises in question, and have been maintained for about 60 years. None of these admissions herein contained are to affect either party, nor be regarded as made except for the purpose of the submission of this controversy upon the foregoing statement. That defendant declines and refuses to pay plaintiff said sum of $200, for the following reasons: (1) That plaintiff has failed to comply with her contract to convey said premises free and clear from all incumbrances. (2) That the covenants and conditions contained in the grant from the mayor, etc., to Marinus Willett, first above mentioned, are not only binding upon said Marinus Willett, but they run with the land, and bind his grantees and assigns. (3) That the same form, and are now, an incumbrance, restriction, and cloud upon such premises, and could be enforced by the grantor, the mayor, aldermen, and commonalty of the city of New York as against the grantees of Marinus Willett, and

that the title is thus rendered clouded and unmerchantable. (4) If said title of plaintiff be held to be good, and free from incumbrances, this defendant will pay plaintiff said sum of $200. The plaintiff demands judgment that it be adjudged that her title to said premises is in fee-simple, free and clear from incumbrances, and that the said covenants and restrictions are not incumbrances and clouds upon her title, and that the deed so tendered was in conformity and full compliance with her contract with said defendant; and that the defendant pay her the sum of $200. Defendant prays (1) that it may be adjudged that said covenants and conditions are incumbrances upon said premises; and (2) that plaintiff is not entitled to recover said sum of $200.

Argued before FREEDMAN and TRUAX, JJ.

*J. E. Ludden,* for plaintiff. *Geo. W. McAdam,* for defendant.

PER CURIAM. Upon the facts agreed upon and submitted the plaintiff is entitled to judgment that her title to the premises in question is in fee-simple, free and clear from incumbrances; that the covenants and restrictions in question are not incumbrances and clouds upon her title; that the deed tendered was in conformity and full compliance with her contract with the defendant; and that the defendant pay her the sum of $200.